**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TONY SCOTT MCCAIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | NO. 3:12-CV-4001-BF |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of Social Security** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tony Scott McCain brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. For the following reasons, the Commissioner's decision is REVERSED.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including knee pain, diabetes, hypertension, and depression. After his applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 28, 2011. At the time of the hearing, plaintiff was 41 years old. He has a high school equivalency diploma and past work experience as a parts clerk, a delivery truck driver, and an animal shelter clerk. Plaintiff has not engaged in substantial gainful activity since March 2, 2009.

The ALJ found that plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that plaintiff suffered from osteoarthritis, torn ACL status post arthroscopy of the left knee, diabetes mellitus, hypertension, mood disorder, and personality disorder, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a parking lot attendant, a ticket seller, and a bakery worker/conveyor line -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

In multiple grounds for relief, Plaintiff argues: (1) the ALJ's finding that he can perform other work in the national economy was based on an improper hypothetical question to the vocational expert ("VE"); (2) the ALJ improperly evaluated his alleged non-compliance with medical treatment; (3) the ALJ improperly rejected the opinions of his treating physician and state agency medical consultants; (4) the ALJ's assessment of his residual functional capacity ("RFC") is not supported by substantial evidence and results from reversible legal error; and (5) the ALJ failed to resolve inconsistencies between the VE's testimony and job descriptions in the Dictionary of Occupational Titles ("DOT"). The issues have been fully briefed by the parties, and this matter is ripe for determination.

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 61 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

Among the arguments made by Plaintiff is a single ground that compels remand – the ALJ's assessment of his mental RFC is not supported by substantial evidence and results from reversible legal error. Where, as here, a claimant is found to have a mental impairment, the ALJ must

determine its severity by evaluating "the degree of functional loss resulting from the impairment in four separate areas deemed essential for work." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (citing 20 C.F.R. § 404.1520a(b)(3)). These areas are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation.[1] 20 C.F.R. § 404.1520a(c)(3) (2011); 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00C. This rating process is known as "the psychiatric review technique" or the "technique." *Owen v. Astrue*, No. 3:10-CV-1439-BH, 2011 WL 588048, at *14 (N.D. Tex. Feb. 9, 2011). If the mental impairment is severe but does not meet or medically equal a listed impairment, the ALJ must conduct an RFC assessment. 20 C.F.R. § 404.1520a(d)(3); *Boyd*, 239 F.3d at 705.

Before making an RFC determination, however, the ALJ must perform a function-by-function assessment of the claimant's capacity to perform sustained work-related physical and mental activities "based upon all of the relevant evidence" and taking into account "both exertional and nonexertional factors." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (citing Security Ruling (SSR) 96-8P, 1996 WL 374184, at *3-6 (S.S.A. July 2, 1996)). "While the ALJ is not required to use the exact language from his psychiatric review technique, he must consider all of [the claimant's] limitations, including those found in the technique." *Owen*, 2011 WL 588048, at *14. Specifically, the ALJ must itemize the "various functions contained in paragraph[]B ..." and express them "in terms of work-related mental activities." SSR 96-8P, 1996 WL 374184, at *5-6. These activities "include the abilities to: understand, carry out, and remember instructions;

---

[1] These four functional areas are known as the "paragraph B criteria." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C. The first three are rated on a five-point scale, as either none, mild, moderate, marked, or extreme, and the fourth is rated on a four-point scale, ranging from "none" to "four or more episodes." *See* 20 C.F.R. § 404.1520a(c)(4) (2012). If the first three functional areas are rated as "none" or "mild" and the fourth area is rated as "none," the impairment will generally be found not to be severe." *Id.* § 404.1520a(d)(1).

5

use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id.* at *6; *see also* 20 C.F.R. § 404.1545(c) (2012). "[W]ithout the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work" at step four or perform other "types of work" at step five. SSR 96-8P, 1996 WL 374184, at *3-4; *accord Myers*, 238 F.3d at 620. Notably, even if the ALJ fails to conduct a function-by-function analysis, he satisfies this requirement if he bases his RFC assessment, at least in part, on a state medical examiner's report containing a function-by-function analysis. *Beck v. Barnhart*, 205 F. App'x 207, 213-14 (5th Cir. 2006) (per curiam); *Onishea v. Barnhart*, 116 Fed. App'x. 1 (5th Cir. 2004) (per curiam).

      Here, the ALJ found that Plaintiff suffered from a severe combination of impairments, including, among other things, a mood disorder and a personality disorder, but that his mental impairments did not meet or medically equal the criteria of Listing 12.04 or 12.08. (Tr. at 24-25). With respect to the paragraph B criteria, the ALJ found that Plaintiff has mild restriction in his activities of daily living and mild difficulties with social functioning and moderate difficulties with regard to concentration, persistence, or pace. (*Id.* at 25-26). The ALJ also determined that Plaintiff retains the mental RFC to perform "work that involves simple instructions." (*Id.*). However, the ALJ did not conduct a function-by-function analysis of Plaintiff's mental work-related activities, and her decision is silent with respect to Plaintiff's ability to use judgment in making work-related decisions, respond appropriately to supervision, co-workers and work situations, and deal with changes in a routine work setting. Nor did she rely on any state medical consultant's function-by-function assessment.

The record contains a Mental Residual Functional Capacity Assessment form completed by Dr. Margaret Meyer on July 6, 2010, which indicates that Plaintiff is moderately limited with respect to his ability to interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. (*Id.* at 330). But, the ALJ explicitly rejected Dr. Meyer's analysis of Plaintiff's mental work-related activities. (*Id.* at 29). According to the ALJ, "these opinions were based on information contained in the record at the time that the assessments were made, and no medical records generated or provided after that date were considered by these doctors." (*Id.*). The ALJ therefore did not base her RFC assessment on Dr. Meyer's report and committed error in failing to conduct her own function-by-function analysis of Plaintiff's mental work-related activities. *See Jones v. Astrue*, No. 3:11-CV-3416-M-BH, 2013 WL 1293900, at *17 (N.D. Tex. Mar. 7, 2013), *rec. adopted*, 2013 WL 1296503 (N.D. Tex. Mar. 29, 2013) (ALJ erred in failing to conduct a function-by-function analysis of claimant's mental work-related activities and she did not rely on any state medical or psychiatric consultant's function-by-function assessment because none was conducted); *Owen*, 2011 WL 588048, at *15 (same where ALJ failed to perform a "detailed function-by-function analysis of [the claimant's] mental limitations in accordance with SSR 96-8p"); *see also Otte v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2078-P-BF, 2010 WL 4363400, at *12 (N.D. Tex. Oct. 18, 2010), *rec. adopted*, 2010 WL 4318838 (N.D. Tex. Oct. 27, 2010) (ALJ committed reversible error where "he made no narrative function-by-function assessment of [the claimant's] capabilities for work-related mental activities" but limited him only to "unskilled light and sedentary work").

Procedural perfection in administrative proceedings is not required, and the Court will not vacate the ALJ's decision unless Plaintiff can show that his substantial rights were affected. *Mays v. Bowen*, 837 F.2d 1362, 1363-64 (5th Cir. 1988). "[R]emand for failure to comply with a *ruling* is appropriate only when a complainant affirmatively demonstrates ensuant prejudice." *Bornette v. Barnhart*, 466 F.Supp.2d 811, 816 (E.D. Tex. 2006) (citing *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)) (emphasis in original). Errors are considered prejudicial when they cast doubt on the existence of substantial evidence in support of the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Accordingly, to establish prejudice warranting remand, Plaintiff must show that consideration of the functional limitations the ALJ found in the psychiatric review technique and the work-related mental activities listed in SSR 96-8p might have led to a different decision. *See Bornette*, 466 F.Supp.2d at 816 (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

While the ALJ's RFC limitation to "work that involves simple instructions" could correspond to Plaintiff's "ability to understand, carry out, and remember instructions," neither the judge's RFC finding nor her narrative discussion expressly address the other activities listed in SSR 96-8p. Because the ALJ did not perform a function-by-function assessment, and did not rely on an examiner's function-by-function report, it cannot be determined whether she addressed and incorporated Plaintiff's ability to perform the work-related mental activities listed in SSR 96-8p into her mental RFC and her hypothetical to the VE. Had the ALJ addressed these activities and considered the relevant evidence, such as Dr. Meyer's assessment which indicated some moderate limitations with respect to Plaintiff's ability to respond appropriately to co-workers and the general public and deal with changes in a routine work setting (Tr. at 330), she might have imposed

8

additional restrictions on Plaintiff's mental RFC. And, had the ALJ included those additional restrictions in her hypothetical to the VE, a different determination might have been reached as to Plaintiff's ability to perform the jobs of parking lot attendant, a ticket seller, and a bakery worker/conveyor line. Under these circumstances, the case must be remanded for a full assessment of Plaintiff's mental RFC and new VE testimony addressing whether a significant number of jobs exist within his physical and mental RFC. *See Bornette*, 466 F.Supp.2d at 816 (ALJ's failure to conduct a function-by-function assessment was prejudicial because the record contained evidence of additional impairments not addressed by the ALJ and "a court might conclude that the ALJ's failure to consider them ... may have skewed the [disability] result"); *see also Jones*, 2013 WL 1293900, at *19 (remanding where ALJ's failure to perform a function-by-function analysis coupled with uncontradicted assessment of Plaintiff's treating physician indicating that he was substantially limited in some of those functions cast doubt on the existence of substantial evidence supporting the ALJ's decision); *Owen*, 2011 WL 588048, at *15 (same where the ALJ failed to perform a function-by-function analysis and his mental RFC restriction to "minimal contact with the public, co-workers, and supervisors" failed to account for the "moderate limitation in concentration, persistence, or pace" that he had found in the technique).[2]

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

## CONCLUSION

The hearing decision is REVERSED, and this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: December 13, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE